Gemeena SCRUGGS, Appellant

v.

AIG PERSONAL LINES CLAIMS.

No. 08–2071.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 10, 2008.

Filed: Sept. 10, 2008.

Gemeena Scruggs, Philadelphia, PA, pro se.

James C. Haggerty, Esq., Swartz Campbell, Philadelphia, PA, for AIG Personal Lines Claims.

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

OPINION

PER CURIAM.

On March 27, 2008, *pro se* appellant, Gemeena Scruggs, submitted a complaint to the United States District Court for the Eastern District of Pennsylvania, wherein she apparently sought to pursue a claim against the AIG National Insurance Company (identified as AIG Personal Lines Claims by Scruggs) for property damage she sustained as a result of a motor vehicle accident that occurred on April 27, 2006. In an order entered on April 2, 2008, the District Court granted Scruggs leave to proceed with the action *in forma pauperis* and dismissed the complaint as a result of Scruggs' failure to satisfy the jurisdictional requirements to bring a diversity action under 28 U.S.C. § 1332(a)(1). In support of its decision, the District Court noted that Scruggs failed to allege damages in excess of $75,000, and that she listed a Pennsylvania address for both herself and AIG National Insurance Company. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's dismissal for lack of subject matter jurisdiction. *See Bakhtriger v. Elwood,* 360 F.3d 414, 417 (3d Cir. 2004). We will affirm the District Court's

order of dismissal with very little discussion. Section § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." § 1332(a)(1). Scruggs pleads in her complaint an amount in controversy of $15,000 and concedes that all parties are from Pennsylvania. Accordingly, the District Court acted properly in dismissing the complaint for lack of jurisdiction. Finally, we conclude that the District Court did not err by failing to first afford Scruggs the opportunity to amend her complaint since such an act would surely have been an exercise in futility. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).